No. 23,539

First Circuit

---

JOSEPH v. SLIMAN

---

(Feb. 12, 1927. Opinion and Decree.)
(May 3, 1927. Opinion and Decree on Rehearing.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Estoppel—Par. 44, 46.**

One is not estopped by his forbearance in allowing his neighbor to enclose his land nor by his inactivity in allowing his neighbor to erect a building on his land.

2. **Louisiana Digest—Estoppel—Pàr. 24, 44.**

Even though one removes the gallery and posts of his restaurant building to allow his neighbor to construct a building on his land he is not thereby estopped from claiming title to his land because his neighbor was not deceived or misled thereby.

3. **Louisiana Digest—Evidence—Par. 324, 346.**

The testimony of a witness that she had sold all her interest in the property to her brother is as binding as if it had been her answer to an interrogatory on facts and articles.

4. **Louisiana Digest—Petitory and Possessory Actions—Par. 11, 21, 38.**

The plaintiff in a petitory action is not called on to make out a good title against the whole world when no outstanding title is urged by the defendant in his answer to plaintiff's demand, the defendant not having any title to the strip of ground in controversy.

Appeal from the District Court, Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by Charles Joseph against Alexander Sliman.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

R. L. Garland, of Opelousas, attorney for plaintiff, appellee.

Dubuison, Perrault & Burleigh, of Opelousas, attorneys for defendant, appellant.

ELLIOTT, J. Appeal from the District Court, Parish of St. Landry, B. H. Pavy, Judge. Petitory action, involving a strip of land, the ownership of which is dependent on the dividing line separating two contiguous estates, emanating from the same author.

James E. Hatfield and Martin S. Hatfield sold and delivered to Mrs. Hiley B. Toliver, wife of William Toliver, by authentic act, dated January 19, 1903, "A certain lot of ground situated at Palmetto on the south side of the Texas & Pacific Railroad track bounded on the north by the Texas & Pacific Railroad track, on the south, east and west by the lands of vendors, said lot measuring on the north line fronting said railroad track, one hundred feet, and on the east and west line, one hundred and twenty-six feet, said lot

beginning at a point, one hundred and sixty-four feet east of the store building occupied by M. L. Farbe and owned by vendors." This title was duly recorded on the same day in the conveyance records of the Parish of St. Landry.

James E. Hatfield departed this life leaving his brother, Martin S. Hatfield, and his sister, Mrs. Mary Hatfield, wife of T. L. Stokes, as his sole heirs at law.

Martin S. Hatfield and Mrs. Mary Hatfield Stokes, on August 20, 1903, sold and delivered to M. L. Farbe, out of the same tract, of which the lot sold to Mrs. Toliver was part, "A certain lot of ground, situated in the town of Palmetto and to be known thus: Commencing on the west, within fifteen feet from the store now occupied by purchaser and running east and bounding with the lot owned by J. M. Toliver, bounded north by the Texas & Pacific Railroad and running from the railroad south, one hundred and twenty-three feet." This title was also recorded on the day it was passed in the conveyance records of the Parish of St. Landry.

The front measure of the lot sold and delivered to Farbe is not stated in terms, but it is definitely fixed by the place of beginning and its western boundary on the lot referred to as J. M. Toliver, but which was in fact Mrs. H. B. Toliver, wife of Wm. Toliver. The lot sold to Farbe, commencing fifteen feet from the Farbe store building and extending from thence to the lot sold and delivered to Mrs. Toliver, it follows that 164 feet, less 15 feet leaves, 149 feet. The Farbe lot therefore fronts on the railroad for 149 feet. It also follows that the east line of the Farbe lot is at the same time the west line of the lot sold to Mrs. Toliver, the two lots adjoining 164 feet east of the Farbe store. The lot sold to Mrs. Toli-ver having been sold and delivered first, the location of the same 164 feet east of the store building occupied · at the time by M. L. Farbe, and owned by James E. and Martin S. Hatfield, determines and definitely fixes the location of the lot sold and delivered to Farbe. Farbe sold and delivered his lot to Godchaux and Godchaux sold and delivered same to Charlie Joseph, the plaintiff. Mrs. Toliver sold and delivered her lot to J. M. Phillips and Phillips sold and delivered same to Alexander Sliman, the defendant.

The titles of the plaintiff and defendant deraigns from the vendors, James E. and Martin S. Hatfield. At the time these two lots were sold, the tract of land out of which they were taken had not been platted into streets nor squares. The plaintiff alleges that the defendant has entered on, taken possession of and detains from him eighteen feet front on the Texas & Pacific Railroad track by a depth of one hundred twenty-three feet from the eastern side of his lot adjoining defendant. The object of this suit is to recover possession. Defendant's answer is seemingly inconsistent, in that defendant in one part of his answer denies that his lot is the original Toliver lot, yet he claims in his answer title and possesssion under Phillips and Mrs. Toliver. He admits that he has possession of the strip of land described in the petition of the plaintiff, and alleges that it is part of the lot which he acquired from Phillips. He alleges that his title from Phillips included this strip of land. That his authors had possession of the same and that he has had actual physical corporeal possession of the strip of land in question, under inclosures, as owner in good faith by title translative of property, since he acquired from Phillips. He pleads the prescription of ten years acquirendi causa in aid of his title. He further al-

leges that the plaintiff has stood by and seen him erect a garage and filling station on the strip of land, that plaintiff in fact agreed to the erection of the same. That plaintiff has by his conduct estopped himself from claiming the strip of ground in controversy. Alleging title, possession and limits under Phillips, he called J. M. Phillips in warranty. Phillips appeared and for answer to his demand, denied that he had sold or delivered the strip of land to defendant. He alleged that the property he sold and delivered to defendant was that which he had acquired from Mrs. Toliver and that the strip of land in controversy was not part of, nor included as part of same. From a judgment in favor of the plaintiff, the defendant appealed. There is no dispute about titles on the trial of the case. Several witnesses testified without effort to show to the contrary, that the Hatfield store building, occupied by M. L. Farbe in 1903, has never been moved and stood at the time of the trial in the identical place where it was standing at the time of the sales to Mrs. Toliver and M. L. Farbe. That actual measurement by a steel tape line from the store building in question one hundred sixty-four feet east, proved that the strip of land claimed by the plaintiff was part of the lot which Martin S. Hatfield and Mrs. Mary Hatfield Stokes had sold and delivered to M. L. Farbe and which Farbe and his successors in title had sold and delivered to the plaintiff. The title from Phillips to the defendant declares that Phillips sells and delivers to him the same property which he had acquired from Mrs. Toliver. The evidence shows without effort to show to the contrary, in fact defendant proved it himself, that Mrs. Toliver had enclosed her lot soon after buying it and Mr. Phillips testified positively and without dispute that he never changed the fence, but sold the same limits to the defendant, that had been established by Mrs. Toliver. The evidence shows without question to the contrary that defendant's possession of the strip of land in controversy commenced after he had bought the property from J. M. Phillips. Plaintiff soon after buying from Godchaux, who had bought from Farbe, erected on his lot a small building which he used as a restaurant, adjoining and so close to the line between him and the defendant that the drip from this little building fell on defendant's land. Defendant objected to the drip, and about twelve years ago, acting through an attorney, he wrote plaintiff to move his house. Plaintiff complied and moved his house about twenty feet from the line that then stood in the form of a fence between them. Defendant almost immediately, acting on his own volition, moved the fence that had been erected by Mrs. Toliver on the west line of her property and which had been maintained in the same place by Phillips, so as to enclose and include the strip of land situated in between the fence which had been erected by Mrs. Toliver, 164 feet east of the Farbe store building and the place to which the plaintiff had moved his building and defendant has kept possession ever since. Lately and of his own free will and accord he decided to erect a garage and filling station on the strip which he had thus enclosed. He did not ask permission of the plaintiff to move the fence which Mrs. Toliver had erected and which marked the limits of their adjoining properties, so as to enclose a strip of the plaintiff's land, nor did he obtain permission from the plaintiff to erect on the strip a garage and filling station. The possession, ownership and limits which defendant undertakes to claim in this suit is not based on title, possession nor limits received from his au-

thors, but originated with himself in the way and at the time above mentioned. As his possession, limits and claim to ownership is not based on title, no foundation exists for the prescription of ten years acquirendi causa which he pleads. Defendant urges that Mary Joseph was the owner of an undivided half of the strip of land and that plaintiff has no title from her. Plaintiff has a title from Mary Joseph. The title describes the lot sufficient for identification and on the trial of the case Mary Joseph took the stand as a witness and testified under oath that she had sold her interest in the property to Charlie Joseph. Plaintiff's title is sufficient against defendant who has no title at all. We agree with defendant that the conduct of both plaintiff and defendant, as regards this strip of land has been unusual. Plaintiff testifies that defendant made him move his house, that after he had moved his restaurant building back from the line and defendant commenced to enclose the strip of land, he informed defendant that he believed the land belonged to him, but defendant did not heed his admonition. That when defendant commenced to erect a garage and filling station on it he told him again that he believed the land belonged to him, but defendant went ahead as he saw proper. Plaintiff claims that he believed all along that it was his land but was not sure of it. When defendant had his garage and filling station underway, plaintiff's restaurant building was very close to the garage and filling sation, so he took out the gallery posts of his restaurant building and even removed part of his front gallery to make the approach and exit from the garage and filling sation more convenient and easier for people entering and leaving it. Plaintiff, speaking of this action on his part, says that defendant in consideration was to do certain paving in front of his property and did not do it. At any rate, after a few days and before the garage and filling station was completed plaintiff changed his mind, replaced his gallery posts and gallery and not long afterwards instituted this suit. It is also unusual for a man to knowingly build a fence, so as to enclose the adjoining land of his neighbor, with the view of enlarging his limits beyond his established boundary and to follow up his enclosure in twelve years with a building as expensive as the evidence indicates defendant has erected, when he knows all along that the ground enclosed and on which he is building belongs to his neighbor and not to himself. He never attempts to get a title from Charlie Joseph, the owner, but as soon as Charlie Joseph becomes hostile and starts legal procedings to recover the land, defendant seeks out M. S. Hatfield and T. L. Stokes, father and natural tutor of a minor child left by Mary Hatfield Stokes, his deceased wife, and wants to buy the strip of land from them. The conduct of the parties really amounts to nothing in this case. Plaintiff has not estopped himself by his forbearance when defendant enclosed the strip of ground, nor by his inactivity when defendant commenced to erect a building on it. Plaintiff is not estopped by his act in taking out his gallery posts and removing a part of the gallery of his restaurant building, for the reason that defendant has not been deceived nor misled by anything done by the plaintiff. Title to real estate cannot be created so easily and quickly. Defendant thinks we should notice as bearing on the issue of title in the present case the fact that soon after defendant moved the limits of his possession, received from Phillips and Mrs. Toliver, and enclosed the strip of land involved in this suit, o: his own accord, the plaintiff bought the

lot which adjoins defendant on the east and called on him to move his fence west a corresponding distance. That defendant complied and now has under enclosure a frontage of but ninety-eight feet. Defendant also thinks we should notice as having a bearing the testimony of a witness to the effect that if the limits and locations of plaintiff's and defendant's lots, the plaintiff under Farbe and the defendant under Mrs. Toliver, are fixed according to their respective titles that same will now interfere with other contiguous and adjoining lots, squares and streets in Palmetto. There is nothing in the record that indicates such a result; but suppose such were the case. As stated already, at the time defendant's lot and plaintiff's adjoining lot were sold and definitely located by the Hatfields, owners of the tract of land of which they formed a part, there were no other lots, no streets nor squares. And furthermore neither party claims under boundaries fixed by a boundary survey, made in the manner and form prescribed by law.

The plaintiff, in answer to defendant's appeal, prays that the amount allowed him in the lower court for the use of his ground be increased. We are satisfied that the judgment appealed from is correct as rendered. Judgment affirmed. Defendant and appellant to pay the cost in both courts.